**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| **ALETA THOMAS**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CHEN NEIGHBORHOOD MEDICAL CENTERS OF SOUTH FLORIDA, LLC**, a Florida limited liability company,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No. 1:26-cv-22609**<br><br>**Judge:**<br><br>**Mag. Judge:** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, ALETA THOMAS ("THOMAS" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Family & Medical Leave Act (FMLA), Americans with Disabilities Act (ADA), and Florida Civil Rights Act (FCRA) for (1) retaliation in violation of the FMLA, (2) disability discrimination in violation of the ADA, (3) disability discrimination in violation of the FCRA, (4) retaliation in violation of the ADA, and (5) retaliation in violation of the FCRA.

**PARTIES**

2. The Plaintiff, ALETA THOMAS ("THOMAS") is an individual and a resident of Florida who at all material times was employed by the Defendant.

3. Defendant, CHEN NEIGHBORHOOD MEDICAL CENTERS OF SOUTH FLORIDA, LLC ("Defendant") is a Florida limited liability company with its principal place of business at 1395 NW 167th Street, Miami Gardens, Florida 33169, and employed THOMAS.

4. At all material times, the Defendant employed greater than fifteen (15) employees.

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over THOMAS's state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Southern District of Florida because the Plaintiff worked for the Defendant in Miami-Dade County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Miami-Dade County, Florida, which is within the Southern District of Florida. Venue is proper in the Miami Division since Miami-Dade County is within the Miami Division.

8. THOMAS timely filed her Charge of Discrimination against the Defendant with the U.S. Equal Employment Opportunity Commission (EEOC), and this action is timely filed. (See Exhibit 1 – EEOC Notice of Right to Sue).

## **GENERAL ALLEGATIONS**

9. THOMAS began her employment with the Defendant in or about October 17, 2022 and was last employed as an Executive Membership Growth Consultant.

10. THOMAS always performed her assigned duties in a professional manner and was very well qualified for her position.

11. THOMAS consistently performed her job at satisfactory or above-satisfactory levels throughout her employment, and prior to her protected activity, had not been subjected to discipline.

12. THOMAS is a qualified person with a disability, and thus a member of a protected class, as she suffers from chronic clinical depression, diagnosed in August 2024, a condition the Defendant was aware of.

13. THOMAS's impairment impacts her ability to perform major life activities, including but not limited to concentrating, working, interacting with others, and caring for herself when not in remission.

14. THOMAS has a history of this impairment that limits major bodily functions and several major life activities. THOMAS's impairment qualifies as a disability as that term is defined under the ADA and FCRA.

15. On or about August 28, 2024, due to her disability, THOMAS requested and was approved for FMLA leave.

16. THOMAS returned to work on or about November 18, 2024.

17. Upon her return from medical leave, Defendant placed THOMAS on a coaching improvement plan and subjected her to heightened scrutiny and a hostile work environment that she had not previously experienced.

18. Shortly after her return, THOMAS's manager isolated her from her team and demanded that she sign a document without providing any explanation or a copy of the document for her review. The document was later confirmed to be the equivalent of a disciplinary write-up.

19. Defendant failed to provide THOMAS with the support, tools, and materials necessary to reintegrate into her role following her leave, while other employees outside her protected class received such support.

20. In January 2025, THOMAS filed a formal complaint with Defendant's Human Resources department detailing the discriminatory and retaliatory treatment she had experienced since her return from FMLA leave. Defendant failed to investigate or take any corrective action in response.

21. Defendant's continued failure to address THOMAS's complaints, coupled with the ongoing hostile work environment, caused THOMAS's condition to deteriorate. THOMAS required a second medical leave beginning on or about February 26, 2025.

22. On or about March 4, 2025, while THOMAS was on medically necessary leave, Defendant terminated her employment, citing "job abandonment."

23. At all material times, the Defendant was aware of THOMAS's disability, her FMLA leave, and her internal HR complaints, which are the bases for its discriminatory and retaliatory employment practices toward her.

## COUNT I – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA") – RETALIATION

24. Plaintiff incorporates by reference Paragraphs 1–23 of this Complaint as though fully set forth below.

25. THOMAS qualified for FMLA leave since she suffered from a serious health condition, chronic clinical depression, had worked for the Defendant, and the FMLA defines a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

26. THOMAS informed the Defendant of her need for leave due to her serious health condition on or about August 28, 2024, and her FMLA leave was approved.

27. THOMAS engaged in activity protected by the FMLA when she requested and took approved medical leave due to her serious health condition.

28. The Defendant knew that THOMAS was exercising her rights under the FMLA and was aware of THOMAS's need for FMLA-protected absence.

29. THOMAS complied with all of the notice and due diligence requirements of the FMLA.

30. A causal connection exists between THOMAS's request for and taking of FMLA-protected leave and the Defendant's adverse employment actions against her.

31. Upon THOMAS's return from FMLA leave on or about November 18, 2024, the Defendant retaliated by placing her on a coaching improvement plan, subjecting her to heightened scrutiny, isolating her from her team, and requiring her to sign an undisclosed disciplinary document — treatment she had not experienced prior to her leave.

32. The Defendant further retaliated by failing to provide THOMAS with the support, tools, and materials necessary to reintegrate into her role, while other employees outside her protected class received such support.

33. The Defendant's continued hostile treatment caused THOMAS's condition to deteriorate, necessitating a second medical leave beginning on or about February 26, 2025.

34. The Defendant then terminated THOMAS's employment on or about March 4, 2025 — while she was on medically necessary leave — citing "job abandonment," further demonstrating the retaliatory nature of its conduct.

35. The timing of the adverse employment actions — occurring immediately upon THOMAS's return from FMLA leave and culminating in her termination during a subsequent FMLA-protected absence — demonstrates retaliatory intent.

36. As a result of the above-described violations of the FMLA, THOMAS has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation, and is therefore entitled to recover actual monetary losses, interest at the prevailing rate, and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

**COUNT II – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**

37. The Plaintiff hereby incorporates by reference Paragraphs 1–23 in this Count by reference as though fully set forth below.

38. At all relevant times, THOMAS was an individual with a disability within the meaning of the ADAAA.

39. Specifically, THOMAS has a mental impairment that substantially limits one or more major life activities, has a record of the impairment, and is regarded by the Defendant as having such an impairment.

40. THOMAS is a qualified individual with a disability as that term is defined in the ADAAA.

41. THOMAS is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of the job with Defendant.

42. At all material times, THOMAS was an employee and Defendant was her employer covered by and within the meaning of the ADAAA.

43. Defendant was made aware and was aware of THOMAS's disability, which qualifies under the ADAAA.

44. Defendant discriminated against THOMAS with respect to the terms, conditions, and privileges of employment because of her disability.

45. Defendant conducted itself with malice or with reckless indifference to THOMAS's federally protected rights.

46. Defendant discriminated against THOMAS in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

47. The conduct of Defendant altered the terms and conditions of THOMAS's employment and THOMAS suffered negative employment action in the form of termination.

48. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, THOMAS has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

49. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, THOMAS is entitled to all relief necessary to make her whole.

50. As a direct and proximate result of the Defendant's actions, THOMAS has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

51. THOMAS has exhausted her administrative remedies and this count was timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages; and

vii. Such other relief as this Court shall deem appropriate.

**COUNT III – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION**

52. The Plaintiff hereby incorporates by reference Paragraphs 1–23 in this Count by reference as though fully set forth below.

53. At all relevant times, THOMAS was an individual with a disability within the meaning of the FCRA.

54. Specifically, THOMAS has a mental impairment that substantially limits one or more major life activities, has a record of the impairment, and is regarded by the Defendant as having such an impairment.

55. THOMAS is a qualified individual with a disability as that term is defined in the FCRA.

56. THOMAS is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of her own job with Defendant.

57. At all material times, THOMAS was an employee and Defendant was her employer covered by and within the meaning of the FCRA.

58. Defendant was made aware and was aware of THOMAS's disability, which qualifies under the FCRA.

59. Defendant discriminated against THOMAS with respect to the terms, conditions, and privileges of employment because of her disability.

60. Defendant conducted itself with malice or with reckless indifference to THOMAS's protected rights under Florida law.

61. Defendant discriminated against THOMAS in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

62. The conduct of Defendant altered the terms and conditions of THOMAS's employment and THOMAS suffered negative employment action in the form of termination.

63. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, THOMAS has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

64. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, THOMAS is entitled to all relief necessary to make her whole.

65. As a direct and proximate result of the Defendant's actions, THOMAS has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

66. THOMAS has exhausted her administrative remedies and this count was timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages; and

vii. Such other relief as this Court shall deem appropriate.

**COUNT IV – VIOLATION OF THE ADA – RETALIATION**

67. Plaintiff incorporates by reference Paragraphs 1–23 of this Complaint as though fully set forth below.

68. Following THOMAS's exercise of her right to take medically necessary leave and her internal complaints of disability discrimination, Defendant retaliated by altering the terms and conditions of her employment and ultimately terminating THOMAS.

69. Said protected activity was the proximate cause of Defendant's negative employment actions against THOMAS, including termination.

70. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against THOMAS via termination.

71. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADA.

72. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, THOMAS has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

73. As a direct and proximate result of the violations of the ADA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, THOMAS is entitled to all relief necessary to make her whole as provided for under the ADA.

74. As a direct and proximate result of Defendant's actions, THOMAS has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

75. THOMAS has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages; and

vii. Such other relief as this Court shall deem appropriate.

**COUNT V – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 – RETALIATION**

76. Plaintiff incorporates by reference Paragraphs 1–23 of this Complaint as though fully set forth below.

77. Following THOMAS's exercise of her right to take medically necessary leave and her internal complaints of disability discrimination, Defendant retaliated by altering the terms and conditions of her employment and ultimately terminating THOMAS.

78. Said protected activity was the proximate cause of Defendant's negative employment actions against THOMAS, including termination.

79. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against THOMAS via termination.

80. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

81. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, THOMAS has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

82. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, THOMAS is entitled to all relief necessary to make her whole as provided for under the FCRA.

83. As a direct and proximate result of Defendant's actions, THOMAS has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

84. THOMAS has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages; and

vii. Such other relief as this Court shall deem appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, the Plaintiff demands a trial by jury as to all issues triable as of right.

Dated: April 15, 2026

Respectfully submitted,

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com